[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10029
Non-Argument Calendar

_____

D. C. Docket No. 91-00161-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2009)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Larry Jones, a federal prisoner convicted of being a felon in possession of a firearm, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, he argues that the district court abused its discretion in denying him a § 3582(c)(2) sentence reduction pursuant to Amendment 651 to the *United States Sentencing Commission Guidelines Manual* ("U.S.S.G." or "Guidelines"), which clarified the standard for imposing an upward departure based on the inadequacy of a defendant's criminal history category. Jones also argues the district court abused its discretion by denying his motion for a sentence reduction because his original sentence was arbitrary, the district court relied on prior convictions that may not have complied with *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), and Jones's sentence exceeded the guideline imprisonment range. Jones further argues that (1) his sentence amounts to cruel and unusual punishment and gives rise to a presumption of vindictiveness; and (2) we have discretion under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to grant the requested relief.

I.

We review a district court's resolution of a motion under § 3582(c)(2) for abuse of discretion and review issues of legal interpretation *de novo*. *United States*

2

*v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003); *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003).  We review the district court's determination of the scope of its authority under § 3582(c)(2) *de novo*.  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).  The amendment to the Guidelines must be retroactively applicable, however, and only amendments listed in U.S.S.G. § 1B1.10(c) qualify as retroactively applicable amendments warranting § 3582(c)(2) relief.  U.S.S.G. § 1B1.10(a)(1), (c); *United States v. Armstrong*, 347 F.3d 905, 907–08 (11th Cir. 2003).

Amendment 651 elucidated, *inter alia*, the standard for imposing departures pursuant to U.S.S.G. § 4A1.3 based on the inadequacy of a defendant's criminal history category.  *See* U.S.S.G. App. C, Amend. 651, Reason for Amendment. Amendment 651 is not listed in § 1B1.10(c), and, therefore, it is not a retroactively applicable amendment that may be the basis for § 3582(c)(2) relief.  *See* U.S.S.G. § 1B1.10(c) (listing the retroactively applicable amendments, which does not include Amendment 651).

Proceedings under § 3582(c)(2) and § 1B1.10 "do not constitute a full

resentencing of the defendant" or a *de novo* resentencing. U.S.S.G. §
1B1.10(a)(3); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).
Accordingly, § 3582(c)(2) does not "grant to the court jurisdiction to consider
extraneous resentencing issues." *United States v. Bravo*, 203 F.3d 778, 782 (11th
Cir. 2000). Constitutional challenges to a defendant's sentence are the sort of
"extraneous" issues that are not cognizable under § 3582(c)(2). *Id.* Moreover, the
Supreme Court's decision in *Booker* does not provide an independent basis for
granting a sentence reduction in the context of § 3582(c)(2) proceedings because
*Booker* does not apply to § 3582(c)(2) proceedings. *United States v. Melvin*, 556
F.3d 1190, 1192 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009).

After reviewing the record and reading the parties' briefs, we conclude that
Jones's arguments are unavailing because Amendment 651 cannot provide the
basis for § 3582(c)(2) relief, and the district court lacked jurisdiction to consider
"extraneous resentencing issues" in the § 3582(c)(2) proceeding. Accordingly, we
affirm the district court's order denying a sentence reduction.

**AFFIRMED.**

4